STATE of Iowa, Plaintiff,

v.

IOWA DISTRICT COURT FOR BLACK HAWK COUNTY, Defendant.

No. 91–187.

Supreme Court of Iowa.

Jan. 22, 1992.

Bonnie J. Campbell, Atty. Gen., Bruce L. Kempkes, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Peter B. Newell, Asst. County Atty., for plaintiff.

Linda Del Gallo, State Appellate Defender, and Shari Barron, Asst. Appellate Defender, for defendant.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

HARRIS, Justice.

We granted certiorari to review a district court order concerning the terms of probation imposed on a convicted felon. The question is whether those terms remained in effect when the felon was issued an unconditional bail bond release following his arrest for violating the original terms of probation. We think the terms remained in effect and hence sustain the writ.

Defendant Cornell Hoosman pled guilty to possession of a firearm as a felon, going armed with intent and possession of marijuana. He received a prison sentence on the charge of possession of a firearm by a felon and suspended sentences with probation on the other two charges. Probation was to begin on the two charges with suspended sentences when Hoosman completed serving his sentence for possession of a firearm.

Hoosman was paroled while serving his sentence on the firearm charge. Parole was however revoked and Hoosman served the remainder of his sentence. After serving this sentence, Judge George Stigler approved probation conditions for the two charges on which sentences had been suspended.

A probation officer subsequently filed a complaint alleging a number of probation violations, and more violations were alleged later. Judge Robert E. Mahan set the matter for hearing by an order that specified the previous probation conditions would remain in effect.

After still more alleged violations of his probation, a bench warrant was issued for Hoosman's arrest by Judge Joseph Keefe. The warrant specified that Hoosman was to remain held without bail. At Hoosman's initial appearance District Associate Judge Walter Rothschild ordered that he be held on $5000 bond for each charge. No further conditions were placed on Hoosman's release. Hoosman posted the bond.

Hoosman afterward filed an application for review of the release conditions, apparently because of an intensive supervision program prepared by the department of corrections to which he had agreed and which was implemented by order of Judge Stigler.

The present certiorari procedure challenges the ruling entered in response to this application. The defendant district court, by Judge Roger F. Peterson, ruled that the department of corrections was without authority to impose release conditions. This was because the order filed by Judge Rothschild contained no conditions for Hoosman's release. The question before us is whether Hoosman's probation remained in effect when he was released on bail pending resolution of the probation revocation proceeding, notwithstanding the lack of conditions of release in Judge Rothschild's order.

Under Iowa Code section 907.3(3) (1989) a court can suspend sentence, place a felon

on probation, and set probation conditions. Section 907.6 also renders the probationer subject to the conditions of probation. Iowa Code section 907.7 provides that the length of the probationary period for felonies shall not be more than five nor less than two years, although the court may later shorten the period. Iowa Code section 907.9 allows the court to terminate jurisdiction at any time it determines the purposes of probation have been fulfilled.

█ In the ruling challenged here, the district court relied on Iowa Code section 908.2, which is made applicable to probation as well as parole violations under Iowa Code section 908.11. Section 908.2 provides:

> An officer making an arrest of an alleged parole violator shall take the arrested person before a magistrate without unnecessary delay for an initial appearance. At that time the alleged parole violator shall be furnished with a written notice of the claimed violation, shall be advised of the right to appointed counsel ..., and shall be given notice that a parole revocation hearing will take place....
>
> The magistrate may order the alleged parole violator confined in the county jail or may order the alleged parole violator released on bail under terms and conditions as the magistrate may require.

We find nothing in this section to indicate the probation conditions no longer remain in effect while the probation revocation proceeding is pending. Indeed the whole point of a parole revocation proceeding is to determine whether parole should continue.

█ A court may, if it chooses, impose new conditions of release on an alleged probation violator while the violation question is being resolved. But this authority, or a choice not to exercise it, does not affect existing probation conditions. The ruling to the contrary was in error.

WRIT SUSTAINED.